IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY ACCURSO, ) | | |
|    ID # 29881-044, ) | | |
|       Petitioner, ) | | |
| vs. ) | No. 3:17-CV-1536-N (BH) | |
| ) | | |
| D.J. HARMON, Warden, ) | | |
| FCI Seagoville, ) | | |
|       Respondent. ) | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **DENIED** with prejudice.

**I. BACKGROUND**

Anthony Accurso (Petitioner), a prisoner incarcerated in the Federal Correctional Institution in Seagoville, Texas, (FCI-Seagoville), challenges the conditions of his confinement by the Bureau of Prisons (BOP) under 28 U.S.C. § 2241. The respondent is D.J. Harmon, the Warden of FCI-Seagoville.

Petitioner was convicted of distribution of child pornography over the internet, in violation of 18 U.S.C. § 2252(a)(2) in Cause Number 5:13-CR-6008 in the United States District Court for the Western District of Missouri. On March 18, 2014, he was sentenced to 180 months' imprisonment. Petitioner claims that he is being subjected to a Sex Offender Management Program in prison for ordering publications that were subsequently disallowed by prison staff because he is a sex offender. He contends that under this program, his mail is monitored, the types of personal property he can possess is more restricted, and he is subject to a supplemental prison disciplinary program that punishes program violations with the loss of good time credit. He asserts that the

required participation in a behavior modification program is equivalent to involuntary medical treatment.

## II. NON-COGNIZABLE CLAIM

A habeas petition is the proper vehicle for seeking immediate or speedier release from custody. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). A prisoner may not challenge conditions of confinement through a habeas petition if a favorable determination of the claim would not automatically entitle the prisoner to accelerated release. *Id*. at 820-21.

Petitioner does not assert that his release from prison would automatically be accelerated if he were not required to participate in the program. The speculative potential for the loss of good time credit is not a basis for bringing this claim in a § 2241 habeas petition. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests"). Monitoring of his mail and restrictions on his personal property will not affect the length of time he must serve in prison. His claim is therefore not cognizable in this § 2241 habeas case, and he is not entitled to relief. *See Smith v. English*, No. 5:14cv348, 2016 WL 8116677 (N.D. Fla. December 28, 2016) (claims concerning the BOP's Sex Offender Management Program were not cognizable in a § 2241 action).

## III. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 5th day of July, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE